

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**FILED**

JAN - 3 2007

JAN 3, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHARLES ANDERSON, trustee on behalf of) | | |
| PAINTERS DISTRICT COUNCIL NO. 30  ) | | |
| ET AL., | | |
| Plaintiff; | ) | Case No.  04-C -3302 |
| | ) | |
| | ) | HONORABLE PRESIDING |
| VS. | ) | **JUDGE   JOHN F. GRADY** |
| | ) | |
| | ) | |
| BEHALF OF AB. PAINTING & | | |
| SANDBLASTING, INC. , *et al* | ) | |

## MOTION TO BE HEARD REGARDING INEFFECTUAL COUNSEL CAUSED IRRECOCILABLE DAMAGE TO CLIENT AND HARM TOWARDS PERSERVATION OF THE INTEGRITY OF THE JUDICAL PROCESS.

Angela Puntoni, President, Pro–Se, Pray to the court in the interest of Justice

to allow motions regarding ineffectual representation by attorney involving

client A.B. Painting and Sandblasting Inc., an Illinois corporation and any /

all affiliates.  The attached documentation on behalf of A.B. Sandblasting Inc

1

placed in Prior Attorney's possession, whom in turn failed to submitted the evidence, mislead client, and failure to adequately provide representation to the best of his ability in this matter. The Attached documentation supports set of facts stated as follows insures fairness, integrity and the reputation of the proceeding.

1) Prior Attorney Representation regarding this matter before this court failed to afford representation adequately in his negligence to present any admissible evidence to controvert plaintiffs' complaint. Midwest was dismissed with prejudice. The Prior Attorney failed to counter-file False Charges, supporting documentation that would relieve AB. Painting & Sandblasting Inc of all Plaintiffs claims for Penalties, Interest, Liquidated Damages & Attorneys Fees, CPA Fees, Audit Cost and/or any other recourse AB was entitled to.

2) Prior Attorney's repeated actions to take upon himself without AB's knowledge or consent to mislead client with claims of representation but failed to perform or file said actions on AB. behalf ( see attachment documents). Exhibit A –(A-1,A-2 & A-3)Letters from G. Pontikes( Prior attorney) Dated 2/23/06, 4/11/06, 10/4/06

3) Attached Documents supports AB's always afforded the Attorney open communication. Exhibits B - letters to G. Pontikes (Prior attorney); Dated, 3/13/06, 3/19/06,12/6/06, 12/13/06.

4) Prior Attorney requested Affidavit from Accountant for submittal to court regarding fraudulent Payroll errors, missing funds involving Union Dues and Payroll Taxes, by said Payroll Company, "Sharp Accounting et al". Prior Attorney in his representation failed to adequately represent client AB. by submitting altered Affidavit without client knowledge or consent (see attached documents). Exhibit C (C-1,C-2,C-3) From Accountant to Attorney G. Pontikes Dated 11/11/05,11/14/05(with attachment 4/1/04).

5) Prior Attorney's failure to bring before this court, this set of facts; Midwest is a subsidiary of AB. Painting & Sandblasting, Inc. (attached documents) Any evidence submitted for Midwest (a subsidiary) should have been applied on behalf of Parent Company AB. Painting & Sandblasting, Inc. Exhibit C (C-1,C-2,C-3),Dated11/11/05, 11/14/05(with attachment dated 4/1/04)

6) Prior Attorney changed answers to Interrogatories without clients knowledge or consent and failed to submit as he was instructed to do. (attached documents) Exhibit D Letter from client Dated 3/19/06, Exhibit B 12/13/06 #5, Letter from Attorney- Exhibit A-2 Dated 4/11/06 # 2.

Documentations submitted as follows;

A.  Attorney Communication with client.

B.  Letters From client to Prior Attorney  regarding alleged actions.

C.  Original affidavits, changed affidavit submitted to court.

D.  Interrogatories, changed answers submitted to court.


## CONCLUSION

Angela Puntoni, President, Pro-se acting on the behalf of AB. Painting &

Sandblasting, Inc. Presented attached documentation sufficiently state a set of facts

that substantially set forth allegations that affects the outcome of this District Court

proceeding. The attached documentation, never submitted by Prior attorney,

support claim District Council # 30 complaint for Penalties, Interest, Liquidated

Damages and Attorneys' Fees  is without merit. Acceptance of Documentations that

set forth a set of facts as part of the records, a miscarriage of justice would

otherwise results:


Angela Puntoni, Pro-Se
AB. Painting & Sandblasting,Inc
President
27511 Broadway Road
Morton, Illinois 61550

# GEORGE C. PONTIKES & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW
### 111 WEST WASHINGTON STREET
### SUITE 1221
### CHICAGO, ILLINOIS 60602
### PHONE (312) 220-0022
### FAX (312) 220-0097

February 23, 2006

**Via Facsimile (309) 263-8543 & U.S. Mail**
Angela Puntoni
c/o AB PAINTING & SANDBLASTING, INC.
27511 Broadway Road
Morton, Illinois 61550

Re: Charles E. Anderson, et al. v. AB Painting & Sandblasting, Inc. et al.
Case No. 04-C-03302

Dear Angela:

In light of the position taken by the Union in your matter, it is necessary that we proceed with our plans to present a Motion For Summary Judgment. I shall be sending you documents in that regard within this coming week, since I intend to present it on March 8, 2006 at 10:30 a.m.

I am enclosing our most recent statement which is self explanatory. The statement covers all of the services performed on behalf of AB Painting & Sandblasting, Inc., and Midwest Painting & Sandblasting, Inc., from October 11, 2005 through February 17, 2006. As you can see from the statement, substantial legal services have been performed during this period of time. A great deal of work has been required to respond to numerous Discovery Requests, as well as the Motion brought by William Leathem and the appearances before Judge Grady.

In light of the substantial services to be performed within the next two weeks, payment would be appreciated upon receipt.

Please call me with any questions.

Yours truly,

GEORGE C. PONTIKES & ASSOCIATES, P.C.

George C. Pontikes

Enclosure
F:\GCP\PUNTONI\Puntoni5.ltr.wpd

EX- A¹ -

# GEORGE C. PONTIKES & ASSOCIATES, P.C.
**ATTORNEYS-AT-LAW**
**111 WEST WASHINGTON STREET**
**SUITE 1221**
**CHICAGO, ILLINOIS 60602**
**PHONE (312) 220-0022**
**FAX (312) 220-0097**

April 11, 2006

RECEIVED
APR 12 2006

<u>Via Facsimile (309) 263-8543</u>

Angela  Puntoni
c/o AB PAINTING & SANDBLASTING, INC.
27511 Broadway Road
Morton, Illinois 61550

**Re: Your letter of April 9, 2006 & Status of Matter**
**Charles E. Anderson, et al. v. AB Painting & Sandblasting, Inc. et al.**
<u>**Case No. 04-C-03302**</u>

Dear Angela:

Please let me respond to your letter of April 9, 2006 and give you a status update.

With regard to the issues raised in your letter, I respond as follows:

1. I was not in a position to prepare a Motion for Summary Judgment until the Discovery was completed. I am now;

2. The delay with regard to answering the Interrogatories after February 20, 2006, I was unable to submit them, because you signed the Affidavits with all kinds of statements, which had already been incorporated into the Answers. I had to re-prepare the Affidavits and send them to you to be signed again before I could submit them. That resulted in the additional cost. As I stated to you in my letter of March 29, 2006, William Leathem has had all the information since January 24, 2006;

3. I will inform you of Court dates as quickly as I can. William Leathem has the habit of setting Court dates on very short notice, which does not give me much time to notify you;

4. I agree that I waited for a long time before sending you a statement. I will remedy that in the future. In the meantime, I think the resolution to that matter is an

*EX - A2.*

# George C. Pontikes & Associates, P.C.

ATTORNEYS AT LAW

Angela Puntoni
April 11, 2006
Page 2

installment plan of payment, which you outlined to me and with which I agree. Let me emphasize that I am not insisting that the entire statement be paid all at once.

I have been served with a Motion for Summary Judgment and a Third Request for Admission of Facts. I am overnighting you a copy of both documents without the Exhibits. The matter was originally scheduled for April 5, 2006 and has been rescheduled for April 12, 2006 at 10:30 a.m. William Leathem and I have agreed to a briefing schedule. We will have 14 days to respond and they will have 14 days to reply. Then, the judge will take it under advisement and decide. This means that neither of us have to appear. I will be responding to their Motion with our own Motion for Summary Judgment.

Please call me after you have received this letter.

Yours truly,

GEORGE C. PONTIKES & ASSOCIATES, P.C.

George C. Pontikes

Enclosures via Federal Express

F:\GCP\PUNTONI\Puntoni\B ltr.wpd

$EX - A2$

# GEORGE C. PONTIKES & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW
### 111 WEST WASHINGTON STREET
### SUITE 1221
### CHICAGO, ILLINOIS 60602
### PHONE (312) 220-0022
### FAX (312) 220-0097

October 4, 2006

Angela Puntoni
AB PAINTING & SANDBLASTING, INC.
27511 Broadway Road
Morton, Illinois 61550

### Re: <u>Anderson v. AB Painting - Case No. 04-C-03302</u>

Dear Angie:

I am enclosing a Memorandum Opinion of Judge Grady, entered in accordance with the Motion of the Plaintiffs for Summary Judgment. The decision was pretty much what I expected. It is, however, not a final judgment.

You will note that the Plaintiffs have until October 9, 2006 to submit declarations or affidavits and a proposed Order setting forth the amounts they request for interest or statutory liquidated damages and attorneys' fees and costs. We have until October 16, 2006 to file any objections.

On October 16, 2006, we will file the following:

1. A Motion to Stay Enforcement of the Judgment, until we file an Offset for the amounts due as a result of payments for more hours than were actually worked;

2. Our objections to any interest, statutory liquidated damages, attorneys' fees and other costs requested;

3. Our Motion for Summary Judgment with regard to all of the other workers cited by the Plaintiffs;

$EX - A3$

# GEORGE C. PONTIKES & ASSOCIATES
### ATTORNEYS AT LAW

Angela  Puntoni
AB Painting & Sandblasting, Inc.
October 4, 2006
Page 2


4.  A Motion to add the prior accountants as additional parties who owe you for any statutory liquidated damages, interest and attorneys' fees assessed.

Please call me upon receipt of the Opinion and this letter.  Payment as requested in my prior letter would be appreciated.

Yours truly,

GEORGE C. PONTIKES & ASSOCIATES, P.C.

George C. Pontikes


Enclosure


F:\GCP\PUNTONI\Puntoni17 ltr.wpd


EX - A3

VIA FAX 03/14/06

# AB PAINTING & SANDBLASTING, INC.
## 27511 BROADWAY ROAD
## MORTON, IL  61550
### (309) 266-5877   FAX (309) 263-8543

March 13, 2006

Mr. George C. Pontikes
George C. Pontikes & Associates, P.C.
111 West Washington St., Suite 1221
Chicago, IL  60602

RE:   Arbitration
       Case No. 04 C 3302
       U.S. District Court, No District of Illinois

Dear George:

Since you have not contacted me regarding the upcoming Wed. March 15th
hearing, I request the following points be addressed to Judge Grady and included
in any and all arbitration dialogue.  <u>You are hereby authorized to only submit the
following specific points:</u>

1.   **Penalties, Interest & Liquidated Damages:**

     On Jan. 6, 2004, the total amouont owed to Charles Anderson, et al was
     $5,189.22 (1/06/04 letter/invoice attached).
             $3,217.32 - <u>62% for Non-Union employees</u> (temp./part time)
             $1,971.90 - 38% Union Members employees
     Charles Anderson, et al, continues to assess and accrue penalties, interest
     and liquidated damages on non-union (temp/part time employees) which
     was, and continues, 62% of the total charges to date.

2.   **Refusal to Arbitrate**

     Charles Anderson, et al, has refused to arbitrate.  Three years of correspondence,
     four audits, filing this case in District Court forcing legal representation,
     accounting, plus Chicago meetings that have been a "total waste of time"
     and incurred thousands of dollars in unnecessary and frivolous fees.

3.   **Unnecessary Legal & Accounting Fees**

     Charles Anderson, et al, has relentlessly pursued me to bankrupt my company.
     To date, the following summarizes my legal and accounting fees and does

EX - B

Page 2 - Mr. George C. Pontikes
March 14, 2006

3. **Unnecessary Legal & Accounting Fees - Continued**

not include all the costs to my business and me for the endless hours of correspondence, etc.

$24,135.13 Attorney Fees (does not include March forward)
$14,908.00 Accounting Fees
$    932.59 to Charles Anderson, et al for first audit.

I have a very, very small company ($19,871.96 net income in 2004). Charles Anderson, et al, is fully aware of how small of a company and the limited income because they have conducted 4 audits on my books. Charles Anderson, et al, <u>motion to the court accusing me (Midwest Painting) of dishonesty and lies incurred thousands of dollars of direct costs.</u>

4. **Refusal to Pay Costs**

My attorney has informed me that Charles Anderson, et al, <u>will not pay any of the fees incurred due to the court filing</u> (financial records, corporate records, production of documents, court hearings-Midwest motion).

I request monetary reimbursement for all my attorney & accounting fees along with all the court costs for 3 audits, production of documents, and the motion accusing me (Midwest) of dishonesty and lying.

Very truly yours,

Angela Puntoni
AB Painting & Sandblasting, Inc.

cc:     Attachment as stated.

$EX-B$

AB. PAINTING & SANDBLASTING, INC.
27511 BROADWAY ROAD
MORTON, IL 61550
309/266-5877 FAX 309/263-8543

March 19, 2006

GEORGE C. PONTIKES & ASSOCIATES, P.C.
111 West Washington Street
12th Floor
Chicago, Illinois 60602
312/220-0022 Fax 312/220-0097

Attn: George Pontikes

RE: Response to Affidavits Faxed on 3/17/06 at 14:49.

Dear George,

I received the Two Affidavits ( signature page only) and I will not sign the signature page
without the Documentation of what I'm signing for.

I signed the original Affidavits for the answers to the Interrogatories in their entirety and
hand carried to you on February 20, 2006 on the day of the alleged Arbitration in the
presence of my CPA.

Since we have had absolutely no Dialogue about the Interrogatories until now, I have no
idea of what's going on. I do not know why you have not filed the Answers to the
Interrogatories.

If there is a new set of Interrogatories that I am unaware of, please send them to me so I
can read them.

If there are no New Interrogatories, then you are hereby only authorized to submit the
Affidavits I handed to you on 2/20/2006.

Sincerely

Angela Puntoni

EX-B

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 4.05 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.30 |

MACKINAW IL
Postmark
Here

Sent To  GC. Pontikes & Ass

AB. PAINTING & SANDBLASTING, INC.
27511 BROADWAY ROAD
MORTON, ILLINOIS 61550
309/266-5877 FAX 309/263-8543

TO: GEORGE PONTIKES
111 West Washington Street, Suite 1221
Chicago, Illinois 60602
312/220-0022 Fax 312/220-0097

December 6, 2006

Attn: George Pontikes

RE: Pay Request

Dear George,

Where is the SUMMARY JUGEMENT? THAT I REQUESTED IN JULY OF 04 WHEN I RETAINED
YOU, AND THAT YOU HAVE PROMISED ME EVERY MONTH FOR THE PAST **17 MONTH'S?**

YOU CONTINUE TO TELL ME THAT YOU ARE GOING FILE A SUMMARY JUDGEMENT, BUT
TO DATE, HAS STILL NOT BEEN DONE.BUT YOU CONTIUE TO CHARGE ME? FOR WHAT?

I PLEADED WITH YOU LAST YEAR TO RESOLVE THIS CASE AND FILE THE SUMMARY
JUDGEMENT ASAP BECAUSE I WAS A SMALL BUSINESS AND MY FUNDS WERE LIMITED.
YOU PROMISED ME THAT YOU WOULD.

SINCE YOU AND THE UNION APPROACHED ME ABOUT SUING THE ACCOUNTING SERVICE
FOR THE UNION, AND I REFUSED. I BELIEVE THAT YOU NOT FILING THE SUMMARY
JUDGEMENT HAS BEEN DELIBERATE ACT.

IT IS MY UNDERSTANDING THAT THE COURT RULED AGAINST ME, SAYING I OWE THE
UNION MONEY. ALL THE COURT AS YET TO RULE ON, IS HOW MUCH.

YOU POMISED TO KEEP ME ABREAST OF THE COST AND DIDN'T. THEN SEND ME A BILL
FOR OVER $10,000.00 AND DEMAND PAYMENT, AND I REMIND YOU AGAIN WITHOUT THE
SUMMARY JUDGEMENT I REQUESTED THE DAY AB. PAINTING RETAINED YOU.

Very truly yours

Angela Puntoni

EX - B

AB. Painting & Sandblasting, Inc.
27511 Broadway Road
Morton, Illinois 61550
309/266-5877 FAX 309/263-8543

CASE NO 04-C-03302

December 13, 2006

Fax 312/220-0097
& Regular Mail

George Pontikes
111West Washington Street
Suite 1221
Chicago, Illinois 60602
312/220-0022 Fax 312/220-0097

Attn: George Pontikes

RE: Anderson v. AB Painting – Case No. 04-C-03302

Dear George,
I accept you resignation from the above Federal court case.

Unfortunately you should have tenured your resignation 17 months ago in July of 05 before incurring Thousand of dollars in meaningless legal fees as outlined as follows.

1) AB request to you to file for a summary judgment numerous times, with the first request in July of 2005.
2) Your continued persistence to retain you and DC #30 in legal Proceedings against the Bookkeeping/ Accounting firm that made the errors.
3) Since July of 2005 your involvement with Plaintiff Legal council without our knowledge or permission.
4) Your blatant disregard for our financial agreement.
5) And lastly let us not forget the "Interrogatories" that I completed, that you never submitted to the Court. And of course I have the supporting documentation to support all the issues listed.

Very truly yours

Angela Puntoni

Cc: William W. Leathem, Jacobs, Burns, Orlove, Stanton & Hernandez 122 South Michigan Avenue, Suite 1720, Chicago, Illinois 60603-6145

Honorable John F. Grady or any other Judge sitting in his stead, in Courtroom 2201, usually occupied by him at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604.
(sec attachments)

EX - B

November 14, 2005

TO:       George Pontikes

FROM:   Tina Callahan

SUBJECT:    Midwest/AB/District Council 30
            Midwest Payroll Errors

Attached is my letter/statement relative to the subject
Issue and the upcoming Wed. hearing.

Please note the following:

Attachment A:  Midwest Painting & Sandblasting, Inc.
               2002 U.S. Corporation Income Tax Return

Attachment B:  April 1, 2004 letter to Painters Distict
               Council No. 30 from Angela Puntoni.

Attachment C:  Angela Puntoni's notarized affidavit
               Authorizing release of Attachment A.

I cannot quote in legal terms the extent of "privileged
information". Sharp Accounting, et al were fired prior to
the first PDC 30 audit; therefore, AB/Midwest/Angela Puntoni-
Wm. Koepnick were not their clients. Perhaps there is a legal
issue here in that privileged financial records have been released
for public information without the "clients" permission or
authorization.?.

Tina Callahan
Tina Callahan

EX-C 2

November 11, 2005

Mr. George C. Pontikes & Associates, P.C.
111 West Washington Street
Chicago, Illinois 60602

SUBJECT:    Midwest Painting & Sandblasting, Inc.
            AB Painting & Sandblasting, Inc.
            Painters District Council No. 30
            Payroll Audits

Dear Mr. Pontikes:

I was retained by AB Painting & Sandblasting, Inc. in 2002 thru
2004 to perform accounting and bookkeeping services
relative to Painters District Council No. 30 payroll
audit(s)/results.

Per your request, the following specifically addresses issuance
of payroll checks to AB Painting & Sandblasting, Inc. employees
Ron Beaver, Jr. and Bill Hansen by Midwest Painting and
Sandblasting, Inc. in 2002.

Both AB Painting & Sandblasting, Inc. (hereinafter referred
to as AB) and Midwest Painting & Sandblasting, Inc. (hereinafter
referred to as Midwest) 2002 financial and employee payroll
records document the following information:

1.   Ron Beaver, Jr. and William (Bill) Hansen were both
     employees of AB. Neither employee had ever been
     employed by Midwest. Midwest neither contracted,
     subcontracted, or procured any jobs or work. Midwest

EX-C2

Page 2
Mr. George C. Pontikes
November 11, 2005

       never hired any employees: full time, part
       time, temporary or permanent status.

2.   Midwest was incorporated in 2002 as an equipment
       leasing business. Midwest did not acquire any
       equipment or assets to conduct business.

3.   Midwest did not conduct any business in 2002.
       This is evidenced by Midwest's 2002 U.S.
       Corporation Income Tax Return, prepared 03-19-03,
       by Neff Accounting, Inc./Sharp Acct. Please refer
       to Attachment A. This tax return has no income
       amount or figure on Line 11: Total Income .....0;
       Midwest did not generate any income.

4    On Line 13, Attachment A, please note the total
       Salaries and Wages amount of $2,243.
       The $2,243. Midwest Salaries and Wages were paid to
       Ron Beaver, Jr. and William (Bill) Hansen (for one
       pay period in September and two pay periods in
       October, 2002) by Neff Accounting, Inc./Sharp Acct.

5    Ron Beaver, Jr. and William (Bill) Hansen were both
       employed by AB in 2002 as evidenced by time sheets
       payroll records, W2s, and job work records. AB
       subcontracted work on the Bloomington Normal
       Wastewater Treatment Plant (BNWTP) in 2002. Ron
       Beaver and William (Bill) Hansen were employed by
       AB to work on the BNWTP. The 2002 AB time sheets
       and payroll journals evidence Ron Beaver, Jr. and William
       (Bill) Hansen as employees.

EX-C2

Page 3
Mr. George C. Pontikes
November 11, 2005

Midwest

6.    I could not locate/contribution reports for the months of
      Sept. and Oct. 2002 to District Council 30 for the gross
      wages & hours paid by Midwest to R. Beaver/Wm Hansen.
      The payroll records indicate the error was detected because
      the $2,243 wages and R. Beaver and Wm. Hansen's hours
      were reported (included) and paid to District Council 30
      et al in the Sept. and Oct. 2002 monthly contribution
      reports under AB.

I could not locate the Midwest payroll for the two employees
(Beaver and Hansen) in the payroll audit summary/report and
Assessment issued by District Council 30. I concurred with
Ms. Puntoni and Mr. Koepnick (AB & Midwest Corp. officers
and owners) that correspondence needed to be initiated to
District Council 30 to work with them on any payroll report
disparities (audit report/summary and corp. payroll records).

On April 1, 2004, a letter was written to Painters District Council
No. 30 specifically addressing the Payroll Audit -- AB Painting
& Sandblasting, Inc. Please note on page 2, Item 2 addresses
the Midwest Payroll error. I am attaching a copy of that
letter and is referenced as Attachment B.

A plausible or possible explanation for the Midwest payroll
errors could be:    The bookkeeping/accounting company
ordered and used in-house computerized checks. The checks
for both companies (AB and Midwest) looked exactly alike
except for the corporation name; otherwise, same color and

EX-C2

Page 4
Mr. George C. Pontikes
November 11, 2005

size, same address and same telephone/fax number. Perhaps the "Midwest" checks were inserted into the printer instead of "AB" Checks.

Tax returns, general ledger, and most financial information is privileged information. I have attached Ms. Angela Puntoni's affidavit (Attachment C) which authorizes the release of the 2002 Midwest Tax Return for public information and the hereto referenced Attachment A.

Please note Ginoli & Company, LTD, Certified Public Accountants and Business Consultants, 411 Hamilton Blvd., Suite 1616, Peoria, IL 61602-1101 have been retained by AB. If you need any additional information or documentation, please do not hesitate to contact them.

Very truly yours,

Tina M. Callahan
P.O. Box 239
County Road 198
Adin, CA 96006

EX-C2

**AB PAINTING & SANDBLASTING, INC.**
27511 Broadway Road
Morton, IL  61550

April 1, 2004

Mr. Ryan Anderson
Painters District Council No. 30
Health & Welfare Fund and Pension Fund
3813 Illinois Ave. Suite 102
St. Charles, IL  60174

SUBJECT:        Payroll Audit - AB Painting & Sandblasting, Inc.

Dear Mr. Anderson:

We have spent a great deal of time attempting to locate and retrieve all of our
corporate records from the bookkeeping/payroll/tax service, Sharp Accounting,
et al (This accounting/payroll/bookkeeping company is comprised of three or
four "dba" so will reference all as Sharp Accounting for clarity.).
We have found all the copies of the "Monthly Report of Payments" (monthly
report) for 2001, 2002, and 2003.

We discovered Sharp Accounting made a multitude of serious errors on our payroll
and payroll records in 2001, 2002, 2003 and probably in previous years.  The
most important errors are the employees' time sheets do not balance to the
hours paid/gross payroll.

We will try to address the payroll issues and problems in the most forthright,
understandable language.

2002

1. Al Jackson was sent from Local 157 Hall for work as a union member in March,
   2002. Al Jackson was employed and worked 22 hours @ $23.35/hr. totaling
   $513.70 gross wages. Al Jackson was not and is not a union member as we
   discovered trying to locate him for child support services.  Sharp Accounting
   included his hours and gross wages March, 2002 monthly report. We reported
   the error to union representatives and requested an adjustment.  Was this
   error included in the audit calculations?

$$EX - C3$$

Page 2
Mr. Ryan Anderson
April 1, 2004

2002 (continued)

2. The records indicate Sharp Accounting issued payroll checks to an AB Painting
   and Sandblasting, Inc. employee, Ron Beever, Jr. in October 2002 on Midwest
   Painting and Sandblasting, Inc. checking account. It appears there were three
   separate checks issued to Ron Beever, Jr for three separate pay periods. Sharp
   Accounting did not submit a monthly report for Midwest Painting declaring
   those hours and gross wages.   Ron Beever, Jr. actually worked a total of 43
   hours (for AB Painting). Although Sharp Accounting erroneously paid
   Mr. Beever as a Midwest Painting employee, they declared the 43 hours
   in the AB Painting October monthly report.

3. The original time sheets for the year 2002 for AB Painting & Sandblasting, Inc.
   total 1,421.5 hrs. (excluding A. Jackson, as explained in item 1); the total
   reported on the 2002 monthly reports total 1,429.5 hours:   a difference
   of 8 hours. The 2002 gross payroll does not balance to the 2002 time sheets.
   There are a multitude of errors including employee hourly rates, hours worked
   vs. hours paid, etc.

4. The "shop hours" referenced in the audit notes are a part of Sharp Accounting
   payroll and hours computation and reporting errors. The union employee time
   sheets do not contain any "shop hours" because they did not work in the "shop".
   Any employee hours computed at rates different than their standard rates were
   errors in the 2001/2002 gross payroll. It appears these errors were included
   in the gross salaries in the monthly reports.

5. Our 2002 employee time sheets do not balance to the hours declared in the
   monthly reports. The following is an example:

| Ron Beever, Jr | 6/02 Actual hours: | 108.5 |
| | 6/02 Reported hours: | 140.5 |
| | 7/02 Actual hours: | 149.0 |
| | 7/02 Reported hours: | 111.0 |

EX-C3

Page 3
Mr. Ryan Anderson
April 1, 2004

<u>2001</u>

1. The 2001 union employee time sheets and the 2001 monthly reports computations are as follow:

| 2001 Time Sheets<br>Total Hours* | 2001 Monthly Reports<br>Total Hours: |
|---|---|
| 3,297.5 | 3,584.5 |

*includes overtime hours

Since these errors involve the employee gross salaries for previous years, we cannot change what the employees were actually paid.

As we have previously explained to you, Sharp Accounting computed the employees payroll from the original time sheets and was responsible for all payroll/payroll tax reporting.  Sharp Accounting prepared all the monthly contribution reports; therefore, attested to their accuracy.

The cost to recalculate 2001 and 2002 is prohibitive to our small company. We want to propose a "net" adjustment for the years 2001 and 2002 in the hours and gross payroll.  The overpayments and errors on the payroll have certainly cost our company a sizable amount of money.

Our CPA has filed an extension of time to IRS for the year 2003 for both AB Painting & Sandblasting, Inc., Midwest Painting & Sandblasting, Inc. and our personal tax returns.  Most of our 2003 records and original documentation are in the CPA's office.

EX-C3

Page 4
Mr. Ryan Anderson
April 1, 2004

Our goal is to make certain our employees attain the benefits they earned working for our company.

We will make every effort to work with you and District Council 30 in adjusting the errors made in 2001 and 2002.

Very truly yours,

Angela Puntoni, President
AB Sandblasting & Painting, Inc.

cc: Bansley & Kiener, L.L.P.

EX-C3

I only agree to the amended attachments:

EXHIBIT A: Second Amended response to plaintiffs' first set of requests for <u>admission of facts and genuineness of documents</u>

F/GCP/PUNTONI/ResponseInterrog.wpd

P 2/3) 8 Answer; **Deny**, Ron Beevers hours were reported during the months 4/01,3/02,through 8/02.

  9. Answer; **Deny**, contributions to the funds were submitted for Ron Beever for the months of 4/01,3/02 through8/02.

  10. Answer; **Deny**, Dues and assessments were submitted to the Union for Ron Beever for the months of 4/01, 3/02 through 8/02.

P.6) 23. Answer; **Admit**, but the report was not required.

  24. Answer; **Admit**, but the report was not required.

  25. Answer; **Admit**, but there was no obligation to remit dues and assessments.

P.7) 31.Answer; **Deny**, James Logothetis hours were reported to the Funds and Union for the months of 4/02 through 6/02.

P.8) 32.Answer; **Deny**, Contributions were made to the Funds on behalf of James Logothetis for the months of 4/02 through 6/02.

  33.Answer; **Deny**, Dues and assessments were submitted to the Union for James Logothetis for the months of 4/02 through 6/02.

P.9) 37.Answer; **Deny**, Ron Beever hour were reported to the Funds and Union for the months of 9/02 and 12/02.

  38. Answer; **Deny**, Contributions were submitted to the Funds on behalf of Ron Beever for the months 9/02 and 12/02.

  39. Answer; **Deny**, Dues and assessments were submitted to the Union for Ron Beever for the months of 9/02 and 12/02.  **Continued Page 2**


## AFFIRMATION

I, Angela Puntoni, upon oath and under the penalty of perjury, swear and affirm

That the Answer to the above interrogatory is truthful, accurate and complete to the best

of my knowledge.

Subscribed and sworn to before me
this _____ day of _____ , 2006.


_____
NOTARY PUBLIC

18

EX - D

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

George Pontikes &
Associates P.C.
111 West Washington Street
18 th Floor
Chicago, Illinois
60602

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X David Yano    ☐ Agent
                ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
David Yano                        3-2-06

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7005 1820 0002 3525 8365

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

EX-D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Charles Anderson, Trustee on behalf of
Painters District Council No 30
Et, Al.                          **PLAINTIFF**

CASE NO. _04-C-3302_

**VS.**

A.B. Painting & Sandblasting
                    **DEFENDANT**
                    Inc

## PROOF OF SERVICE

TO: _See Attached Service List_
_____
_____

TO: _____
_____
_____

TO: _____
_____
_____

I, the undersigned (plaintiff / (defendant)), certify that on the _3_ day of _January 2007_, served a copy of this _Motion_ to each person whom it is directed by way of _via hand delivery in open court_ .

Name _A.B. Painting & Sandblasting, Inc_
Address _2751 Broadway Rd_
City/Zip _Morton, Ill 61552_
Telephone _(3) 309-266-5877_

_____
SIGNATURE / CERTIFICATION
_Angela McStern_

_1/3/07_
DATE

# Attached Service List

GEORGE C. PONTIKES · Attorney at Law
111 West Washington Street
Suite 1221
Chicago, Il 60602

Midwest Painting &
Sandblasting. Inc
22511 Broadway Rd
Morton, Il - 61550

William W. Leathem
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Il 60603-6145

Northern Illinois Painters
Decorators and Dry wall Finishes
Joint Apprentice and Training
Fund

Anthony Pintozzi, Jr.

Neal S. Deodhar
Jacobs Burns, Orlove, Stanton, & Hernandez
122 S Michigan Avenue Suite 1720
Chicago, Fl - 60603-6145

Northern Illinois Painting and
Dry wall Institute

No #30 District Council
the International Union
of Painters and Allied
Trades AFI-CIO

Charles E Anderson,
Painters District Council #30
3813 Illinois Ave
St Charles, Il 60174

Painters District Council #30
Health & Welfare Plan

Painter District Council # 30
Pension Fund