# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; ANTHONY PINTOZZI, JR., Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | |
| Plaintiffs, | No. 04 C 3302 |
| v. | |
| AB PAINTING AND SANDBLASTING, INC., an Illinois corporation, | |
| Defendants. | |

## MEMORANDUM OPINION

This case is pending before the court on plaintiffs' motion for entry of final judgment based upon their Amended Statement of Damages.  Judgment is sought only against AB Painting and Sandblasting, Inc., the court having dismissed all claims with prejudice against defendant Midwest Painting and Sandblasting, Inc., on October 18, 2006.  The same order granted plaintiffs' motion for summary judgment against AB Painting and Sandblasting, Inc., reserving the amount of damages.

The amount of delinquent contributions sought in the Amended Statement of Damages is $2,020.90. (Supplemental Decl. of Ryan Anderson at 3, Ex. 1 to Pl.'s Am. Statement of Damages.) The amount is small, as was known early in the case. The docket reflects that at the settlement conference of November 2, 2005, we stated, based upon our discussion with counsel, that "[i]t appears that this case may come down to a dispute about $5,000." The actual amount of contributions turned out to be less than half that amount, but interest brings the total amount claimed (not including attorney's fees and costs) to $7,140.35. (Anderson Decl. at 5.)

We have no problem with this amount. The problem arises when we look at the disproportionate amount plaintiffs are claiming as attorney's fees – $50,143.00. (Pl.'s Am. Statement of Damages at 5.) While there are no "mechanical rules requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered," the Seventh Circuit has counseled that "proportionality ... concerns are a factor in determining what a reasonable attorney's fee is." Moriarty v. Svec, 233 F.3d 955, 967-68 (7th Cir. 2000); see also Moriarty v. Svec, 429 F.3d 710, 717-18 (7th Cir. 2005); Cole v. Wodziak, 169 F.3d 486, 487-88 (7th Cir. 1999).

We remember very well the defendant's lack of cooperation in discovery. Nonetheless, we think that in view of the small amount involved (only four employees were in question, and there

was a real contest as to only one of them), the time spent on the case was excessive. Charging over $50,000.00 in attorney's fees to collect, at most, $5,000.00 cannot be justified.

> Commitment of $85,000 in legal time to a claim with an expected value well below $50,000 was unreasonable both ex ante and ex post. That the final award was less than 10% of the demand highlights what should have been obvious earlier. Farrar holds that in such circumstances a judge may devise an award on a ground other than the number of hours times the billing rate.

Cole, 169 F.3d at 488.

We will allow plaintiffs the sum of $10,000.00 in attorney's fees, which takes into account the difficulty they encountered in obtaining discovery from the defendant. We will allow all other costs set forth in the draft judgment order submitted by plaintiffs, so that the total amount of the judgments against AB Painting and Sandblasting, Inc., including attorney's fees, will be $16,672.21.

Date:     March 18, 2008

ENTER:    _____
          John F. Grady, United States District Judge